IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMEKA K. EVANS,           *
                           *
     Plaintiff,            *
                           *
     v.                    *     CV 415-103
                           *
GEORGIA REGIONAL HOSPITAL; *
CHARLES MOSS; LISA CLARK;  *
and JAMEKIA POWERS,        *
                           *
     Defendants.           *

**O R D E R**

Before the Court is Plaintiff's motion for stay. (Doc. 26.) In her motion, Plaintiff, proceeding *pro se*, requests that this Court stay its proceedings in this matter until her forthcoming petition for certiorari is ruled upon by the Supreme Court of the United States.[1] (Id. at 2.) In the alternative, Plaintiff requests that she be granted an extension until September 11, 2017 to file her forthcoming amended complaint.[2] (Id. at 4.)

"A stay is not a matter of right," but rather is "an exercise of judicial discretion" whose propriety "is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Virginian Ry. Co. v. United

---

[1] While not explicit in her motion, it appears that Plaintiff intends to petition for certiorari of the United States Court of Appeals for the Eleventh Circuit's Opinion dated March 10, 2017. (See Doc. 26; see also Doc. 20.)

[2] Plaintiff's forthcoming amended complaint is presently due on or before August 9, 2017. (See Doc. 23, at 2.)

States, 272 U.S. 658, 672 (1926)). In determining whether to issue a stay pending appeal, a court must consider: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); cf. FED. R. APP. P. 41(d)(2) (outlining procedures for requesting – and factors considered by appellate courts in determining whether to grant – a stay of mandate); Indiana State Police Pension Tr. v. Chrysler LLC, 556 U.S. 960 (2009) (setting forth factors considered by the Supreme Court of the United States in determining whether to grant a stay). The first two factors "are the most critical," and the party requesting the stay must demonstrate more than a "mere possibility" of relief or irreparable harm. Nken v. Holder, 556 U.S. at 434-35 (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433-34 (citations omitted). A stay of proceedings pending an interlocutory appeal is the exception, not the rule. Fitzgerald v. Compania Naviera La Molinera, 394 F. Supp. 402, 412 (E.D. La. 1974).

Here, Plaintiff has failed to carry her burden to establish that she is entitled to a stay pending her forthcoming petition

2

for certiorari. Accordingly, upon due consideration, Plaintiff's motion (doc. 26) is **GRANTED IN PART, DENIED IN PART**. More specifically, Plaintiff's request for stay is **DENIED**,[3] but her alternative request for extension is **GRANTED**; Plaintiff **SHALL** file her forthcoming amended complaint **by the close of business on Monday, September 11, 2017**. Plaintiff is again reminded that failure to file her forthcoming amended complaint within this time frame as directed may result in the dismissal of this action with prejudice without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of August, 2017.

                                                J. RANDAL HALL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT
                                                SOUTHERN DISTRICT OF GEORGIA

---

[3] Should the Supreme Court grant Plaintiff's forthcoming petition for certiorari, Plaintiff may refile her request for stay.

3